IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JIMMIE MARSHALL,**

      **Plaintiff,**

v.                                                                                                                  **CIV No. 99-1363 LH/LCS**

**COLUMBIA LEA REGIONAL HOSPITAL,**
**NURSE JANE DOE, CITY OF HOBBS,**
**CAPTAIN TONY KNOTT,**
**SARGEANT WALTER ROYE, and**
**OFFICER RODNEY PORTER,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Defendant Lea Regional Hospital's and Nurse Jane Doe's Motion to Dismiss (Docket No. 12). The Court, having read the briefs of the parties and being fully advised of the premises, concludes that the motion is not well-taken and shall be **denied.** Further, the Court having critically reviewed the complaint *sua sponte*, concludes that Plaintiff's allegations under the Fifth and Fourteenth Amendment fail to state a claim and are hereby **dismissed**. As explained more fully below, Plaintiff shall have thirty (30) days to attempt to amend his complaint in order to state a cause of action pursuant to 42 U.S.C. § 1983, or suffer dismissal of that cause of action.

**I.  Standards for a Motion to Dismiss**

Generally, motions to dismiss for failure to state a claim are viewed with disfavor and are therefore rarely granted.  5A CHARLES ALAN WIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1990).  In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and take the allegations asserted in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds.*  A court should not grant a motion to dismiss for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir. 1996).  The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff.  *Id.*  All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.  *Jojola v. Chavez*, 55 F.3d 488, 494, n.8 (10th Cir. 1995) (*citing Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims."  *Scheuer*, 416 U.S. at 236.

**II.  State Action/Color of State Law**

Defendants' motion to dismiss is premised on the argument that Plaintiff's allegations do not establish that Defendants are state actors whose conduct was under color of  law.

This action is brought primarily pursuant to 42 U.S.C. § 1983.[1]  The complaint mentions

---

[1] Paragraph 7 makes passing reference to other types of state law claims, namely malicious prosecution, intentional infliction of physical injuries, mental and emotional anguish, loss or reputation, defamation, slander, and loss of earning capacity.  Some of these categories constitute damages and are not causes of action.  This Memorandum Opinion and Order does not specifically address these allegations.

activity that occurred after Plaintiff was stopped for a routine traffic stop.  For purposes of this motion, the Court will focus only on the specific allegations against Columbia Lea Regional Hospital and Nurse Jane Doe ("the Hospital Defendants").

The complaint alleges that the Defendant Hospital is a foreign corporation licensed to do business in New Mexico and that Plaintiff believes that Jane Doe was a New Mexico resident. (*Id*. at ¶ 3).  Paragraph 4 alleges that an

> emergency room nurse was instructed by Officer Porter to draw blood.  Plaintiff informed the nurse he would not consent to the blood test.  Defendant Sgt. Walter Roye, then instructed nurse Jane Doe to proceed with drawing the blood and he would witness it.  Defendant, Columbia Lea Regional Hospital, through their agent Nurse Jane Doe, drew blood to conduct a drug test, against the will of Plaintiff.

The only other mention of the Hospital Defendants in the complaint is found in Paragraph 8: "Defendants, Columbia Lea Regional Hospital and nurse Jane Doe, violate [sic] Plaintiff [sic] civil rights by violating his person, by taking the samples against his will."

As stated above, Plaintiff asserts a § 1983 claim against Defendants.  In order to state a claim under § 1983, a claimant must show (1) deprivation of a right secured by the federal constitution or federal laws; and, (2) that the deprivation was caused by a person acting under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  State action is a necessary element of the prima facie § 1983 cause of action, and is not a jurisdictional prerequisite, but rather an element going to the merits of the case.  *See Carter v. Norfolk Community Hosp. Ass'n, Inc.,* 761 F.2d 970, 974 (4th Cir. 1985).

In response to Defendants' argument that they were not governmental actors acting under color of law, Plaintiff argues that the Hospital Defendants acted under the instruction of the police officer, pursuant to N.M. Stat. Ann. § 66-8-107B (Michie 1998), in drawing the blood sample

against his will. He argues that the officer acted as agent for the state, pursuant to N.M. Stat. Ann. § 66-8-111.1 (Michie 1998), to deprive Plaintiff of his equal protection rights under the Constitution, and in violation of N.M. Stat. Ann. § 66-8-111A (Michie 1998).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West*, 487 U.S. 49 (*quotations omitted*). The state action requirement reflects recognition of the fact that constitutional rights are protected only against infringement by the government. *United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 906 (4th Cir. 1995).

The Supreme Court has set out several tests to determine whether even nominally private conduct is to be treated as if it were state action. 1 SHELDON H. NAHMOD, CIVIL RGHTS AND CIVIL LIBERTIES LITIGATION, THE LAW OF SECTION 1983 §§ 2:4-2:10 (4TH ED. 1999). This flexible approach to the state action doctrine applies a variety of tests to the facts of each case. For example, I note that even a private person can be liable under § 1983 if he or she is a willful participant in joint activity with the State or its agents. *Adickes v. S.H. Kress & Co.* 398 U.S. 144, 152 (1970). Generally, in instances in which courts have found state action based on concerted action between police officers and private parties, the police have substantially assisted in the allegedly wrongful conduct. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1455 (10th Cir. 1995). The proper defendants in a § 1983 action are those who represent the state in some capacity. *See Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). However, "it is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action

was taken 'under color of state law.' " *Id*. at 494. In other words, before a private party's actions can be considered state action, there must be a sufficiently close nexus between the state and the private conduct, so that the state is somehow responsible for the alleged misconduct of the private parties. *Id.; see also Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982).

At this juncture we are merely at a stage of review of the complaint for sufficiency of allegations under Rule 12(b)(6). For this purpose, I conclude that the plaintiff's complaint alleges enough specificity to indicate potential joint action between the Hospital Defendants and the government. Paragraph 4's mention of the nurse drawing blood at the direction of the police officer, against plaintiff's wishes is sufficient to state the element of state action. This constitutes sufficient mention of a connection between the drawing of blood by the nurse and a "badge of state authority" possessed by her or by the hospital, to satisfy Rule 12(b)(6). The complaint sufficiently alleges that Plaintiff's blood was drawn under at least the apparent authority of the police officer in attendance at the hospital.

The tests to determine state action, as set forth by the Supreme Court, are necessarily applied on a case-by-case basis and involve factual determinations. "Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961). Accordingly, a determination as to whether state action was actually present is premature at this time, given the absence in the record of any factually based documents, such as affidavits, depositions, and the like, as contemplated by FED.R.CIV.P. 56.

### III.  Deprivation of Constitutional Rights Analysis

As stated above, the first element that a claimant must show to state a claim under § 1983 is the deprivation of a right secured by the federal constitution or federal laws.  The Tenth Circuit has held that a *sua sponte* dismissal under FED.R.CIV.P. 12(B)(6) is proper when "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For reasons of judicial economy and to save the time and money of the parties, the Court has, on its own initiative,  evaluated the complaint under the *Hall*  criteria to determine whether it adequately states the first element of a § 1983 case.  The Court concludes that the Fifth and Fourteenth Amendment claims must be dismissed, but will grant Plaintiff leave to amend his complaint otherwise, as set forth below.


#### A.  Fifth and Fourteenth Amendment Claims

Plaintiff's complaint is poorly written.  Paragraph 1 states that jurisdiction is "pursuant to 42 U.S.C., Section 1983, and the "Due Process Clause", Amendment V, United States Constitution."  It alleges that after he was taken into custody, the police officers took Plaintiff to the hospital for the purpose of a blood test to test for cocaine.  Plaintiff further alleges that he told Officer Porter and the nurse that he would not consent to a blood test, but that the blood was taken against his will.  He alleges that he was subjected to physical and emotional abuse, was subjected to slurs by the arresting officer and was subjected to a blood test, over his objections. He alleges that these actions violated his rights under 42 U.S.C. § 1983.  These are the only allegations in the complaint that could in any way be construed to relate to a violation of Fifth or

6

Fourteenth Amendment rights. As will be explained, under either of these two amendments, Plaintiff does not have an arguable right under the facts alleged in his complaint, according to the Supreme Court case of *Schmerber v. State of California*, 384 U.S. 757, 761 ( 1966).

*Schmerber* involved very similar facts. Mr. Schmerber contended that the drawing of his blood for an alcohol analysis test without his consent denied him due process of law under the Fourteenth Amendment and violated his privilege against self-incrimination under the Fifth Amendment. To the contrary, the Supreme Court held that a person's Fifth Amendment privilege against self-incrimination protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature. The Supreme Court held that the withdrawal of blood and use of the analysis in question in this case is not of that nature. The Court went on to address a potential Fourteenth Amendment violation. The Court stated that unless the withdrawal of blood offends a sense of justice, then it should be dismissed. The *Schmerber* Court concluded that the withdrawal of blood did not offend a sense of justice, and therefore the defendant's Fourteenth Amendment claim was dismissed as well.

I conclude that the facts in *Schmerber* are materially indistinguishable from those alleged in this case. To allow Plaintiff an opportunity to amend his complaint to attempt to assert a Fifth and/or Fourteenth Amendment claim would be futile. For this reason, the Court concludes that these two claims shall be dismissed.

### B.  Equal Protection Claim

Paragraph 4 of the complaint states that Plaintiff is an African-American and Paragraph 7

alleges violations of "federal and state constitutional and civil rights, including their [sic] right to equal protection of the law." No factual basis is stated as to how Plaintiff's equal protection rights were violated. For purposes of this discussion, although not stated, I will assume that this complaint was for a Fourteenth Amendment claim of violation of equal protection. Even with this assumption made, the claim must fail. No acts are set forth indicating that Defendants acted with racial animus or discriminatory intent. "To state an equal protection claim under §1983...plaintiff must allege a racial or otherwise class based discriminatory intent of purpose behind defendant's actions. *Russell v. City of Kansas City, Kan.*, 690 F. Supp. 947, 954 (D. Kan. 1988). "Allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).

## IV.  Conclusion

The Court urges counsel for Plaintiff to carefully read the case law cited in this opinion. If it appears, within the confines of FED.R.CIV.P. 11, that Plaintiff can make good faith allegations of an equal protection violation or any constitutional violation except under the Fifth and Fourteenth Amendment, supported by the facts and the law, he is hereby granted thirty (30) days to file an amended complaint containing such allegations. Plaintiff is cautioned that, to state a claim against a municipality, it must be for some unconstitutional or illegal policy. Municipalities may not be sued for the acts of their employees. In other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**IT IS THEREFORE ORDERED** that

(1)  Defendant Lea Regional Hospital's and Nurse Jane Doe's Motion to Dismiss (Docket No. 12) is **denied**;

(2)  Plaintiff's claims for violations of his due process rights under the Fifth and Fourteenth Amendments are **dismissed**.

(2) Plaintiff may, within thirty (30) days, file an Amended Complaint alleging equal protection violations and/or a violation of any other constitutional right, save those under the Fifth and Fourteenth Amendment, provided his claims are warranted by the facts and by law under FED.R.CIV.P. 11.  If Plaintiff does not file such allegations by this date, his claim for relief under § 1983 will be dismissed.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**