IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JIMMIE MARSHALL,**

      **Plaintiff,**

v.                                                                                                          CIV No. 99-1363 LH/LCS

**COLUMBIA LEA REGIONAL HOSPITAL,
NURSE JANE DOE, CITY OF HOBBS,
CAPTAIN TONY KNOTT,
SARGEANT WALTER ROYE, and
OFFICER RODNEY PORTER,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Lea Regional Hospital's and Nurse Jane Doe's Motion to Dismiss (Docket No. 38). This is the second motion to dismiss that has been filed by these defendants. The Court, having read the briefs of the parties as well as relevant case law, and being fully advised of the premises, concludes that the motion is partially well-taken and shall be **granted in part and denied in part.**

### I. Allowable Scope of First Amended Complaint

On July 27, 2000 this Court entered a Memorandum Opinion and Order, dismissing with prejudice any claims made by Plaintiff for violation of his *due process rights* under the Fifth and Fourteenth Amendment. (Docket No. 23). This same Memorandum Opinion permitted Plaintiff

to "attempt to amend his complaint in order to state a cause of action pursuant to 42 U.S.C. § 1983, or suffer dismissal of that cause of action." (*Id.* at 1).

In the July 27, 2000 opinion, this Court stated that Plaintiff was barred from filing any further Fourteenth Amendment claims, but then inconsistently allowed Plaintiff leave to make good faith allegations of an equal protection violation, if possible under Rule 11 (*Id.* at 8). The intent of that opinion was to dismiss Plaintiff's due process claims, but to allow Plaintiff another chance to allege equal protection violations, if possible. The validity of Plaintiff's new attempt to state a claim for equal protection violations will be examined below.

On August 24, 2000, Plaintiff filed a First Amended Complaint for Damages and Equitable Relief for Violation of Civil Rights, and in the Alternative, Battery and Negligence (Docket No. 27). I note that Plaintiff has retained new co-counsel in this matter. To the extent that this First Amended Complaint ("FAC") adds a due process claim under the Fourteenth Amendment, it is hereby **stricken**, in conformity with this Court's July 27, 2000 Memorandum Opinion. Specifically, Count III shall be **stricken**.

Plaintiff has also added two counts under the Fourth Amendment, for unreasonable search and seizure. Defendants argue that this addition exceeds the scope of the amendment allowed by this Court's Memorandum Opinion, however, this argument is incorrect. The Memorandum Opinion specifically states at page 8 that Plaintiff could amend his claim to "make good faith allegations of an equal protection violation *or any constitutional violation except under the Fifth and Fourteenth Amendments.*"[1] These new Fourth Amendment claims are consistent with the

---

[1] As stated above, the intent of this language was to bar any subsequent attempts to bring a claim for violation of due process rights.

scope amendment allowed by that opinion.

A more problematic aspect of the scope of FAC however, has to do with the addition of state law claims, for battery (Count V), and for negligence per se (Count VI). These claims were not contained in Plaintiff's original complaint, and their addition was not specifically allowed by the Memorandum Opinion.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Leave sought must be "freely given" in the absence of any justifiable reason for denial of the motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The *Foman* Court set forth the test for granting leave to amend pleadings:

> In the absence of any apparent or declared reason --- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies made by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc..., --- the leave sought should, as the rules require, be 'freely given.'

*Id. See also Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Defendants oppose the addition of these claims because they were not allowed by the Court's prior opinion. Collaterally, Defendants argue that there is a lack of a federal question here, and that this Court should refuse to exercise its supplemental jurisdiction over these new state law claims.

Because amendments are generally favored in the early stages of the litigation, and

because Defendants point to no prejudice specifically caused them by the addition of these state law claims, I will allow the addition of these state law claims, consistent with the standards for freely granting leave for amendment stated above.  This approach is more expeditious than the route of requiring Plaintiff to file a motion to amend, which would just be granted at that later date.

Because the Court herein concludes that Plaintiff adequately states claims for constitutional violations, Defendants' supplemental jurisdiction argument is inapposite.

**II.  Equal Protection**

Next, I will address Defendants' arguments that Plaintiff's claims under the Equal Protection Clause are legally insufficient under FED.R.CIV.P.12(b)(6).

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall deny to any person within its jurisdiction the equal protection of the laws.  U.S. CONST. amend. XIV.  One type of an equal protection violation involves charges of singling out members of a vulnerable group, racial or otherwise, for unequal treatment.

It is necessary to carefully examine the specific allegations at issue here.  Paragraph 2 states that Plaintiff was wrongfully tested, unreasonably, illegally, and without probable cause, because he is an African American male.  In Paragraph 39 of the FAC, Plaintiff states that "Defendants' misconduct was racially motivated. "  Paragraph 40 states that "Plaintiff was denied equal protection of the law because of his race, in violation of the Fourteenth Amendment." Neither Paragraph 39 nor 40 explicitly mentions which Defendant committed the acts alleged in those paragraphs.  Paragraphs 49-53 of the FAC allege inadequate policies, training and practices

by the City of Hobbs involving a pattern or custom of racially motivated Fourth Amendment violations. The only specific actions of the Hospital Defendants mentioned in this FAC however, are contained in Paragraphs 28-30, wherein it is alleged that Nurse Jane Doe performed a blood test, at the instruction of Sergeant Roye, despite the fact that Plaintiff refused to consent to such a test. Accordingly, Paragraphs 29-30, 39 and 40, construed together in a light most favorable to Plaintiff, state this factual basis for an equal protection violation: when the nurse drew Plaintiff's blood, she did so at the direction of Sergeant Roye, over Plaintiff's objection, that she was racially motivated, and treated him differently because of his race.

These allegations are considerably more substantial than those contained in the original complaint. In that version, there was no factual basis as to how Plaintiff's equal protection rights were violated. Indeed, the only hint was when Plaintiff mentioned that he was African American and made the conclusory statement that his equal protection rights had been violated. In that complaint, Plaintiff made absolutely no mention of any alleged discriminatory actions by Defendants. In contrast, the allegations contained in the FAC are sufficient to state a cause of action for an equal protection violation.

Defendants argue however that an allegation that the police officers had a discriminatory intent is not sufficient to establish a discriminatory intent of the Hospital Defendants. Defendant relies primarily on the Tenth Circuit case of *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (10th Cir. 1999), arguing that liability for the Hospital Defendants cannot be established on the basis of *respondeat superior*.

Plaintiff responds that the relevant issue is not whether the nurse was motivated by racial animus, but whether she acted in concert with the police officers. This argument relates to the

5

requisite "color of law" issue.  State action is present if a private party is a willful participant in joint action with the state or its agents.  *Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1442, 1453 (10th Cir. 1995).  "The question with respect to this test is whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Cordova v. Vaughn Mun. School Dist. Bd. of Educ.*, 3 F.Supp.2d 1216, 1222 (D.N.M. 1998), *citing Gallagher*, 49 F.3d at 1453.  As I concluded in the July 27, 2000 opinion, Plaintiff has sufficiently pleaded potential joint action between the Hospital Defendants and the government to state the element of state action.

### III.  Fourth Amendment Claims

Next I will address Defendants' arguments that Plaintiff's claims under the Fourth Amendment are legally insufficient under FED.R.CIV.P.12(b)(6).

Plaintiff alleges that he was subjected to an unreasonable search and seizure (Counts I and II), resulting in damages to him.  The Fourth Amendment generally prohibits nonconsensual, warrantless and suspicionless searches.  *See Chandler v. Miller*, 520 U.S. 305, 308 (1997).  The blood test at issue, allegedly taken without a warrant,  was indisputably a search within the Fourth Amendment's meaning.  *See Ferguson v. City of Charleston*, 121 S.Ct. 1281, 1287 (2001) (holding that urine tests conducted by hospital staff members were indisputably searches within the meaning of the Fourth Amendment) .  That Amendment expressly provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."   U.S. CONST. amend. IV.  Plaintiff alleges that this test was performed unreasonably and without probable cause  (Compl. at ¶ 2). Plaintiff also alleges a

factual basis for this claim: Plaintiff's lack of consent, the absence of a warrant, that two breathalyzer tests did not reveal a significant amount of alcohol in Plaintiff. I conclude that these allegations are sufficient to state a claim under the Fourth Amendment.

Defendants argue that the case of *Schmerber v. California*, 384 U.S. 757 (1966), contained similar factual contentions and precludes the finding of a Fourth Amendment violation in this case. That case was a criminal case and its decision was based upon a fully developed factual record. That Court specifically limited its Fourth Amendment holding to that particular case and stated: "It bears repeating, however, that we reach this judgment only on the facts of the present record." *Id*. at 772. Whether or not this search was reasonable and supported by probable cause will be a fact issue in this case, and it would be premature to rule on this issue at this juncture.

## IV.  State law claims

It is necessary for the Court to evaluate the legal sufficiency of Plaintiff's asserted state law claims of battery and negligence per se. Defendants argue that because there is no federal cause of action in this matter, the Court should decline to exercise its supplemental jurisdiction over these claims. As explained above, the Court concludes that the Fourth Amendment and Equal Protection claims state viable causes of action. Consequently, the supplemental jurisdiction argument is without merit.

### A.  Battery

Defendants also argue that the battery and negligence claims are barred by NMSA § 66-8-103 (1978).  In effect, this statute provides immunity to any physician, nurse, technician or

technologist who withdraws blood from any person in the performance of a blood-alcohol test *that has been directed by any police officer*. This immunity expressly excepts negligence claims however.

Plaintiff alleges that "Sergeant Roye instructed Nurse Jane Doe to proceed with drawing the blood and that he would witness it." (FAC, ¶ 29). It is certainly true that this paragraph alleges a cause of action for which the nurse has immunity. Presumably Plaintiff has made this allegation with the intention of establishing state action by the nurse, for purposes of his constitutional tort theories. In Paragraph 41 however, Plaintiff alleges an alternate theory of battery, which presumably would apply if the nurse were not acting at the direction of a police officer. Specifically, in Count V Plaintiff alleges that if the hospital and nurse are not found to be state actors and/or public employees, "they subjected or caused Plaintiff to be subjected to a blood test over his express objection, which was an unconsented touching of his body...." (FAC, ¶ 41).

Whether or not this blood test was taken at the direction of a police officer appears to be a factual issue, and not one that Defendants will concede at this juncture. Taking the allegations contained in Paragraph 41 as true, in the light most favorable to Plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1975), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). I conclude that Plaintiff has stated a cause of action for battery. At this juncture of the pleading, the Court will allow Plaintiff to allege these alternative and inconsistent causes of action.

### B.  Negligence Per Se

Defendants next ask that the Court dismiss the negligence claim. As noted above, the

Court notes that NMSA § 66-8-103 (1978) does not provide immunity for negligence claims.

Plaintiff alleges that if the hospital and nurse are not found to be state actors and/or public employees, then they subjected or caused Plaintiff to be subjected to a blood test over his express objection, which was an unconsented touching of his body and in violation of applicable New Mexico statutes (FAC at ¶ 42).

Defendants' arguments are directed to the context of medical negligence however, not negligence per se.  Although the Court is not sure that the New Mexico definition of negligence per se applies to the circumstances in this case, *see Abeita v. Northern Rio Arriba Elec. Coop.*, 124 N.M. 97, 105 (Ct. App. 1997), Defendants' arguments directed at medical negligence are inapposite.  Accordingly, the Court is unable to grant Defendants' motion to dismiss on this issue.

For the foregoing reasons, I conclude that Defendants' motions to dismiss the battery and negligence claims are not well taken and shall be denied.  These claims shall remain in the case at this juncture.

**WHEREFORE,** to the extent that this First Amended Complaint ("FAC") attempts to add a due process claim [under the Fourteenth Amendment], it is hereby **stricken**, in conformity with this Court's July 27, 2000 Memorandum Opinion.  Specifically, Count III is **stricken**.  All other counts in the First Amended Complaint shall remain.

**IT IS THEREFORE ORDERED** that Defendant Lea Regional Hospital's and Nurse Jane Doe's Motion to Dismiss (Docket No. 12)  is **granted in part and denied in part.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

9