# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JIMMIE MARSHALL,

       Plaintiff,

    vs.                                    No. CIV 99-1363 LH/LCS

CITY OF HOBBS, CAPTAIN TONY
KNOTT, SERGEANT WALTER ROYE, and
OFFICER RODNEY PORTER,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendants' motion *in limine* to exclude evidence (Docket No. 164).  The Court, having considered the pleadings submitted by the parties, the arguments of counsel, the applicable law, and otherwise being fully advised, finds that the motion is **granted in part** and **denied in part.**

<u>Jody Johnson Case</u>

The Defendants have moved *in limine* to exclude any evidence relating to the case of *Johnson v. City of Hobbs*, No. CIV 99-0348 MV/WWD-ACE.  This evidence is not relevant to the Plaintiff's claims against the individual Defendants.  The Defendants' motion will therefore be granted in this regard and the evidence will be excluded during the first portion of the bifurcated trial.

The Plaintiff has included three documents from the *Johnson* case on his exhibit list.  The

first document is the stipulated settlement agreement (Docket No. 123) the parties entered into on June 21, 2001.  The agreement is not admissible to show the Defendant's liability in that case.  FED. R. EVID. 408.  It could be admissible for other purposes, however.  Because the purpose for which this evidence will be offered has not yet been determined, the Defendants' motion *in limine* is premature and will be denied.

The Plaintiff has also listed two Memorandum Opinion and Orders from *Johnson* on his exhibit list, one entered April 2, 2003 and the other entered June 4, 2004.  However, the Court entered no orders on either of those dates.  The Court will assume that the Plaintiff intended to refer to the orders entered April 2, 2004 and June 14, 2004, of which there were three.

The Plaintiff may also attempt to offer evidence or testimony relating to the *Johnson* case that he has not included on his exhibit list.  The Court cannot discern at this stage what that evidence may be or for what purpose it will be offered, however, and therefore cannot possibly determine that such evidence will be inadmissible.  The Court will not now exclude this evidence from the second portion of the bifurcated trial.


Michael Collopy Case

The Defendants have moved *in limine* to exclude any evidence relating to the case of *Collopy v. City of Hobbs, et al.*, No. CIV 00-0807 WJ/LFG.  Again, this evidence is not relevant to the Plaintiff's claims against the individual Defendants and will be excluded during the first portion of the bifurcated trial.  The Court cannot see how this evidence could be relevant to the Plaintiff's supervisory and municipal liability claims, but will defer ruling until it is offered.  The Defendants' motion will therefore be granted in part and denied in part.

-2-

Other Hobbs Cases

The Defendants have also moved *in limine* to exclude evidence relating to other lawsuits against the City of Hobbs or its police department.  As with evidence of the *Johnson* suit, this evidence is not relevant to the Plaintiff's claims against the individual Defendants and will be excluded during the first portion of the bifurcated trial.  This evidence may, however, be admissible during the second portion.  The Defendants' motion will therefore be granted in part and denied in part.

Conduct Subsequent to the Plaintiff's Arrest

The Defendants have moved *in limine* to exclude any evidence of events that occurred subsequent to the Plaintiff's arrest on December 26, 1996.  Given the timing of the Defendants' motion and the Court's inability to discern the manner in which or the purpose for which the evidence will be offered, the Court cannot determine that the evidence must be excluded at this point. The Defendants' motion will therefore be denied.

Hearsay Statements

The Defendants have moved *in limine* to exclude the hearsay statements of T.J. Boarman and another, yet unknown, person employed by the Hobbs Police Department.  The Plaintiff has stipulated that he will not introduce the hearsay statements in question. The Defendants' motion will therefore be denied as moot.

**IT IS THEREFORE ORDERED** that the Defendants' motion *in limine* is **granted in part**

-3-

and **denied in part**.

      **IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**