IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JIMMIE MARSHALL,**

      **Plaintiff,**

**vs.**  `        **CIV No. 99-1363 LH/LCS**

**WALTER ROYE and RODNEY PORTER,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Stay of Enforcement of Judgment and to Waive Supersedeas Bond (Docket No. 276). The Court, having considered this motion and the response thereto, the applicable law, and being otherwise advised in the premises, concludes that Defendants' motion is not well-taken and shall be **denied**.

## Background

Defendants have appealed from a jury verdict in the amount of $580,000 in compensatory and punitive damages against them for a Fourth Amendment violation, as well as from this Court's award of costs and attorney fees in the amount of $109,451.30, for a total judgment of $691,394.73. The notice of appeal was filed on June 10, 2005.

In their motion, as explained more fully below, Defendants take the position that, given their status as municipal employees, they are entitled to an automatic stay of enforcement of the judgment against them pending appeal, and to a waiver of the requirement that they post a bond in order to obtain a stay. In response to the motion, Plaintiff argues against both Defendants' explicit automatic stay argument and also brings up a point that was not raised by Defendants -- the topic of a discretionary waiver by this Court of the typical bond requirement.

1

Defendants wrote a July 25, 2005 letter to the Court, requesting an expedited ruling on this motion, waiving their right to file a reply brief, in the interest of facilitating an expedited determination. The letter noted that Plaintiff's counsel had approved the letter and joins in the request for an expedited determination. It stated that Plaintiff has agreed to refrain from actions to enforce the judgment at present. Finally, Defendants acknowledge in the letter that if the Court determines that a stay without bond should not be allowed, Plaintiff is entitled to the prompt posting of a bond.

**Arguments of the Parties**

Defendants note that the Federal Rules of Civil Procedure provide for a stay of enforcement of a monetary judgment, pending appeal, if a supersedeas bond is posted. FED.R.CIV.P. 62(d). Wishing to avoid the requirement of posting a bond, Defendants rely upon FED.R.CIV.P. 62(f) in making their argument that they are entitled to a stay from execution of the judgment. Pursuant to this provision, if, under New Mexico law, a judgment is a lien upon Defendants' property and Defendants would be entitled to a stay of execution, then Defendants are entitled, in this Court, to "such as stay as would be accorded the judgment debtor had the action been maintained in the courts of [New Mexico]." *Id*. They contend that under New Mexico law: (1) a judgment is a lien upon their property, citing N.M.STAT. ANN. § 39-1-6 (MICHIE 1991); and, (2) that they are entitled to a stay of enforcement of the judgment without a bond because the judgment is functionally a judgment against the City of Hobbs. The City of Hobbs is automatically entitled to a stay of a judgement against it pending appeal pursuant to N.M.STAT. ANN. § 39-3-23 (MICHIE 1991), which

provides:

> When the appellant . . . is . . . the state, a county or a municipal corporation, the taking of an appeal . . . operates to stay the execution of the judgment, order or decision of the district court without bond.

Although Defendants acknowledge that the judgment runs against them rather than against the City and that they are technically the appellants, they argue that the City is in all practical respects the judgment debtor and appellant under New Mexico law. This is so they contend because under the New Mexico Tort Claims Act, a governmental entity such as the City "shall pay any award for punitive . . . damages awarded against a public employee" and "shall pay any . . . final judgment entered against a public employee," including claims for violation of federal constitutional rights, if the public employee was acting within the scope of his duty in committing violation. N.M.STAT. ANN. § 41-4-4(C)(MICHIE 2004). *See also* N.M.STAT. ANN. § 41-4-4(D)(MICHIE 2004). They argue that accordingly they should be exempt under § 39-3-23 from the need to procure a supersedeas bond.

A letter to Plaintiff's counsel from the Hobbs City Attorney is attached to Defendants' motion as Exhibit A. The stated intention of this letter is to make certain assurances, with the goal of obtaining a waiver of the requirement of a supersedeas bond. The letter states:

> Please accept this letter as confirmation that the City of Hobbs recognizes its statutory duty to pay any final judgment in this case against Police Officers Rodney Porter and Walter Roye. The City of Hobbs further acknowledges that Officers Porter and Roye were acting within the scope of their duties during the incident which forms the substantive facts of this case.

In response to Defendants' arguments, Plaintiff argues that the plain language of § 39-3-23 applies only to governmental entities, in this instance to a municipality, but does not apply to governmental employees. Further, he notes that although this Court has the discretion to grant a stay

3

upon motion from Defendants, that Defendants have not established that any of the applicable factors to by considered by the Court weigh in their favor.

**Discussion**

It is the general rule that the filing of an appeal will not affect the validity of a judgment absent a stay or supersedeas. *NLRB v. Cincinnati Bronze, Inc*., 829 F.2d 585, 588 (6th Cir. 1987). "[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and . . . a full supersedeas bond should be the requirement in normal circumstances." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). A stay or supersedeas merely protects the status quo. *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).

### (1) Automatic Stay

The Court is not persuaded that Defendants are entitled to an automatic stay, but rather, by Plaintiff's statutory construction argument. In addressing issues of statutory interpretation, courts must determine and effectuate the intent of the legislature, *State v. Ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735 (1988), using the plain language of the statute as the primary indicator of legislative intent. *General Motors Acceptance Corp. v. Anaya*, 103 N.M. 72, 76 (1985). The words of a statute should be given their ordinary meaning absent clear and express legislative intention to the contrary. *State ex rel. Reynolds v. Aamodt*, 111 N.M. 4, 5 (1990).

I agree that in this instance the intent of the legislature is best effectuated by giving the words of a statute their ordinary meaning. Section 39-3-23 plainly states that, in addition to the state or a county, a *municipality* is entitled to an automatic stay. Nowhere does the statute mention extension of this automatic stay to employees of these three types of governmental entities. If the legislature

4

had intended the result urged by Defendants, it could have included language to the effect that municipal employees acting within the scope of their duties are also entitled to an automatic stay, however the statute includes no such provision.  Defendants cite no case law for their proposition that the benefit afforded municipalities should be presumed to apply to municipal employees.

Further, although the letter from the City Attorney states that Officers Porter and Roye were acting within the scope of their duties during the incident at issue, this letter is neither necessarily admissible nor binding.  Accordingly, the Court is unable to reach a legal conclusion that these Defendants were acting within the scope of their employment and will in fact be indemnified by the City.  Because Defendants' argument necessarily hinges upon the presumption that the City will ultimately pay the judgement if necessary, given the lack of proof, their argument for an automatic stay must fail.

### **(2)  Discretionary Waiver**

The district court has inherent discretion in setting a supersedeas bond and should waive the bond requirement only when the appellant objectively demonstrates good cause for doing so. *Miami Int'l Realty Co.*, 807 F.2d at 873.  *See United States v. Kurtz*, 528 F.Supp. 1113, 1115 (D.Pa.1981)(it is appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical and "to propose a plan that will provide adequate (or as adequate as possible) security for the appellee"), *quoted in Miami Int'l Realty Co.*, 807 F. 2d at 873-74.

In determining whether to waive the supersedeas bond requirement, the Tenth Circuit looks to general equitable principles and seeks to protect judgment creditors as fully as possible without irreparably injuring judgment debtors.  *See Miami Int'l Realty Co.*, 807 F.2d at 873.  In the *Miami* case, the district court stayed execution of judgment without a supersedeas bond for the full amount

of judgment, but required appellant's malpractice insurance coverage to be escrowed pending the stay and prohibited appellant from disposing of any assets, save those necessary for living or business expenses. In making this decision, the district court considered an affidavit and deposition of appellant, relating to his assets and his financial inability to post a supersedeas bond, as well as the fact that execution of the judgment would cause him irreparable harm and place him in insolvency.

Plaintiff points out that courts consider various factors in deciding whether equitable principles support waiver of the supersedeas bond requirement. For example, in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988), the Court considered:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence the court has in the availability of funds to pay the judgment; (4) whether defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether defendant is in such a precarious financial situation that the requirement of posting a bond would place other creditors in an insecure position.

Other courts have articulated other factors in determining whether to require or excuse the posting of a supersedeas bond. Edward Mullins & Annette C. Escobar, *Staying a Money Judgment in Federal Court without Posting a Supersedeas Bond,* 77 FLA. B.J. 45 (2003). In this case however, Defendants have neither requested the Court to waive the bond as a discretionary matter, nor have they demonstrated good cause for such a waiver. The Court simply has no evidence before it on which to evaluate whether or not equitable principles support waiver of the bond requirement.

**Conclusion**

The Tenth Circuit, in the *Miami International Realty Company* case has held that a full supersedeas bond should be required in normal circumstances. Defendants have not convinced the

Court that they are entitled to an automatic stay. They have neither asked to Court to exercise its discretion to waive the typical bond requirement, nor have they factually established the factors discussed above that are relevant to whether or not equitable principles support waiver of the supersedeas bond requirement.

**WHEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion for Stay of Enforcement of Judgment and to Waive Supersedeas Bond (Docket No. 276) is **denied**. Execution on the judgment will not be stayed unless and until Defendants post an acceptable supersedeas bond in the full amount of judgment.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT COURT**